**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Shaun Markley (SBN 291785)
Ethan T. Litney (SBN 295603)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: elitney@nicholaslaw.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MACIEL, and individual, and MACIEL DISTRIBUTION, Inc., a California Corporation, on behalf of themselves and others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company, FLOWERS FINANCE, LLC, a Delaware limited liability company<br><br>Defendants. | Case No. 3:20-cv-03814-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE**<br><br>Date:          September 30, 2020<br>Time:          2:00 p.m.<br>Location:    Courtroom 2, 17th Floor<br>Judge:        Hon. William H. Orrick |

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................1

II.    STATEMENT OF FACTS ........................................................................1

       A.   The Ludlow Action...........................................................................2

       B.   Evolving California Employee Misclassification
            Standards and Defendants' Subsequent Stay of the
            *Ludlow* Action ..................................................................................2

       C.   The Action Before This Court........................................................5

       D.   Other Federal Misclassification Claims Against
            Defendants Relating to Their California Distributors .................5

III.   LEGAL STANDARD ................................................................................6

IV.    ARGUMENT..............................................................................................7

       A.   The Parties in This Action Are Not Substantially
            Similar ...............................................................................................7

       B.   The Issues in This Action and *Ludlow* Are Not
            Substantially Similar.....................................................................10

       C.   Equitable Considerations Weigh Against Application
            of the First-To-File Rule ...............................................................10

            i.    *The Indefinite and Presumably Lengthy Stay in the
                  Ludlow Action Weighs Against Application of the
                  First-To-File Rule* .................................................................11

            ii.   *Plaintiffs Will Be Severely Prejudiced by the
                  Indefinite and Presumably Lengthy Stay in Ludlow* .................13

V.     CONCLUSION ........................................................................................14

TABLE OF CONTENTS

1

**CASES**

2
*Aguilera v. Matco Tools Corp.*, 2020 WL 1188142 (S.D. Cal. Mar. 12,
   2020) ...................................................................................................7

3
*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir.
   1991) ...................................................................................................6

4
*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987
   (9th Cir. 2016)...................................................................................11

5
*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr.,
   Inc.*, 490 F.3d 718 (9th Cir. 2007) ....................................................14

6
*Brice v. Plain Green, LLC*, 372 F.Supp.3d 955, 976 (N.D. Cal. 2019) .........11, 12

7
*Campbell v. Annie's Homegrown, Inc.*, 2017 WL 6406703, at *4 (S.D.
   Cal. Dec. 15, 2017)............................................................................9

8
*Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018).........................8

9
*Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750
   (9th Cir. 1979)...................................................................................11

10
*Dynamex Operations West Inc. v. Superior Court*, 4 Cal. 5th 903
   (2018) ...............................................................................................1, 3

11
*Ford v. [24]7.ai, Inc.*, 2019 WL 570756, at *1 (N.D. Cal. Feb. 12,
   2019) ...................................................................................................9

12
*Fossum v. Northwest Mutual Life Ins. Co.*, 2010 WL 11054415, at *2
   (N.D. Cal. Sept. 16, 2010) ................................................................10

13
*Garcia v. Border Transportation Grp., LLC*, 28 Cal. App. 5th 558 (Ct.
   App. 2018) .........................................................................................3

14
*Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) ........................8

15
*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179
   F.R.D. 264, 270 (C.D. Cal. 1998)....................................................11

16
*Hill v. Robert's Am. Gourmet Food, LLC*, 2013 WL 3476801, at *5
   (N.D. Cal. July 10, 2013)...................................................................9

17
*Hilton v. Apple, Inc.*, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013).......................9

18
*Keshishzadeh v. Arthur J. Gallagher Serv. Co.* 2010 WL 1904887
   (S.D. Cal. May 12, 2010)...................................................................14

19
*Koehler v. Pepperidge Farm, Inc.*, 2013 WL 4806895, at *1 (N.D. Cal.
   Sept. 9, 2013).....................................................................................9

20
*Komatsu Latin-Am. Corp. v. Frost Capital Bank, NA*, 2007 WL
   9702751, at *2 (S.D. Fla. Nov. 9, 2007)...........................................12

21
*La Chappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)..............9

22
*Lac Anh Le v. Pricewaterhousecoopers LLP*, 2008 WL 618938, at *1
   (N.D. Cal. Mar. 4, 2008)................................................................8, 10

23
*Mattero v. Costco Wholesale Corp.*, 336 F.Supp.3d 1109, 1119 (N.D.
   Cal. Sept. 17, 2018)..........................................................................10

24
*New York v. Hill*, 528 U.S. 110 (2000) ..............................................................14

25
*Newman v. Emerson Radio Corp.* 48 Cal.3d 973 (1989) .....................................3

26

27

28

---

TABLE OF AUTHORITIES

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) ...................................................................................................6

*Quinn v. Walgreen Co.*, 2013 WL 4007568, at *4 (S.D.N.Y. Aug. 7, 2013) ....................................................................................................8

*Ramirez v. Trans Union, LLC,* 2013 WL 3752591, at *2-3 (N.D. Cal. July 17, 2013) ......................................................................................8

*Retina Associates Medical Group, Inc. v. Olson Research Group, Inc.*, 2019 WL 3240110, at *3-4 (C.D. Cal. Mar. 20, 2019) .....................12

*S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations,* 48 Cal. 3d 341 (1989) .............................................................................................3

*Santich v. GNC Holdings, Inc.*, 2017 WL 5614902 (S.D. Cal. Nov. 21, 2017) ..................................................................................................10

*Schwartz v. Frito–Lay N. Am.*, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) ...................................................................................6

*Jumapao v. Washington Mut. Bank, F.A.*, 2007 WL 4528636 (S.D. Cal. Nov. 30, 2007) ........................................................................7, 11

*Sorenson v. Big Lots Stores, Inc.,* 638 F.Supp.2d 1219, 1221 (S.D. Cal. 2009) .................................................................................................11

*Sporn v. TransUnion Interactive, Inc.*, 2019 WL 151575 (N.D. Cal. Jan. 10, 2019) ...................................................................................9

*Swetra v. Directv, LLC,* 2016 WL 4208440, at *6 (D.N.J. Aug. 9, 2016) ..................................................................................................12

*Vasquez v. Jan-Pro Franchising Int'l, Inc.*, 939 F.3d 1045 (2019)........................4

*Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 930 F.3d 1107 (9th Cir. 2019) ...................................................................................................4

*Vazquez v. Jan-Pro Franchising Int'l, Inc.*, Cal. Supreme Court Case No. S258191 (2019) ...............................................................................4

*Vazquez v. Jan-Pro Franchising International, Inc.*, 17-16096 (9th Cir.) ...................................................................................................3

*Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1291 (N.D. Cal. 2013) .....................................................................9

*Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ...........................11

*Weinstein v. Metlife, Inc.*, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) ..................................................................................................10

*Wilkie v. Gentiva Health Services, Inc.*, 2010 WL 3703060, at *5 (E.D. Cal. Sept. 16, 2010) ............................................................................8

*Williams v. Fickett v. City of Fresno*, 2 Cal.5th 1258 (2017)..................................3

TABLE OF AUTHORITIES

## I.      <u>INTRODUCTION</u>

Defendants Flowers Foods, Inc., Flowers Bakeries, LLC, and Flowers Finance, LLC's (collectively "Defendants") motion to dismiss should be denied in its entirety. Defendants' motion is improperly predicated upon the *Ludlow* matter in the Southern District of California, which remains indefinitely stayed pending a ruling from the California Supreme Court relating to the retroactivity of the California misclassification test articulated in *Dynamex Operations West Inc. v. Superior Court*, 4 Cal. 5th 903 (2018). The retroactivity of *Dynamex* has no bearing here making it inequitable for the FLSA opt-in Plaintiffs and those suffering from usurious lending practices to await the California Supreme Court's ruling.

In an effort to mitigate against the inequity of staying claims with no relation to *Dynamex,* Defendants suggest the stay in *Ludlow* is limited solely to issues relating to *Dynamex's* retroactivity. These representations are simply inaccurate. Perhaps most tellingly Defendants repeatedly refused to participate in discovery in *Ludlow* relating only to pending FLSA claims based upon the *Dynamex*-inspired stay.

While Defendants' motion repeatedly casts aspersions on Plaintiffs and Plaintiffs' counsel, it is evident that Defendants' intent is simply to stop Mr. Maciel from proceeding with his FLSA and usury claims by rendering this action equivalent to the stayed *Ludlow* matter. Conveniently, this allows them to continue to shirk overtime obligations and collect usurious interest for potentially years to come with no repercussions.

The reality here is that Mr. Maciel is not a party to the *Ludlow* matter, the claims in *this* action do not implicate the issue of whether *Dynamex* is retroactive, or indeed relate to misclassification under California law whatsoever. Equity cannot support preventing Mr. Maciel from proceeding with his claims in this district.

/ / /

/ / /

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

## II.   STATEMENT OF FACTS

### A.   The Ludlow Action

On June 6, 2018, Daniel Ludlow, a former employee of Defendants, filed a Complaint against Defendants Flowers Foods, Inc., and Flowers Bakeries, LLC, *Ludlow v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-001190-JLS-JLB (S.D. Cal.) ("*Ludlow*"). Litney Decl, ¶ 2, Ex. 1. Mr. Ludlow originally brought claims for: (1) failure to pay overtime under the FLSA (Litney Decl., ¶ 2, Ex. 1, ¶¶ 52-57); (2) violation of California's UCL (¶¶ 58-71); (3) fraud (¶¶ 72-81); (4) failure to pay overtime under California Labor Code § 510  (¶¶ 82-87); (5) unlawful deductions from wages under California Labor Code § 221 (¶¶ 88-92); (6) failure to indemnify for necessary expenditures under California Labor Code § 2802 (¶¶ 93-97); and (7) failure to provide proper wage statements under California Labor Code § 226 (¶¶ 98-103).

On February 21, 2019, Mr. Ludlow filed a first amended complaint in the *Ludlow* matter, adding a new plaintiff, William Lancaster, a new defendant, Defendant Flowers Finance, LLC, and new claims for: (1) usury (Litney Decl., ¶ 3, Ex. 2, ¶¶ 115-25); and (2) violation of California's UCL based on usury (¶¶ 126-135).  Mr. Maciel is not a party to the *Ludlow* case or any other case against Flowers. *Id.*

### B.   Evolving California Employee Misclassification Standards and Defendants' Subsequent Stay of the *Ludlow* Action

Until 2018, courts determined whether an individual was misclassified as an "independent contractor" under California <u>state</u> law using the multi-factor *"Borello"* standard.  *See S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations,* 48 Cal. 3d 341 (1989). However, in 2018, after *Ludlow* commenced, the California Supreme Court announced in *Dynamex Operations West Inc. v. Superior Court*, 4 Cal. 5th 903 (2018) ("*Dynamex*"), a new standard: the "ABC Test." *Id.* at 916. The *Dynamex* Court made clear that the ABC Test replaced the *Borello* test, *see Dynamex*, 4 Cal.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

5th at 964, but did not explicitly state whether the ABC Test would apply retroactively. The California Supreme Court later denied a request to modify the *Dynamex* decision to only apply the ABC Test prospectively. *Dynamex*, 4 Cal. 5th at 955 (2018), *reh'g denied* (June 20, 2018); *see Garcia v. Border Transportation Grp., LLC*, 28 Cal. App. 5th 558, 572 (2018), *as modified on denial of reh'g* (Nov. 13, 2018) ("As an academic point, we observe that *Dynamex* applied the ABC test to the class certification question before it, and the Supreme Court denied later requests to modify the opinion to apply the ABC test only prospectively.")[1]

Not long thereafter, in November 2018, the Ninth Circuit made clear it intended to address the applicability of the ABC Test in a franchise misclassification case. *See, e.g., Vazquez v. Jan-Pro Franchising International, Inc.*, Case No. 17-16096 (9th Cir. 2018) ("*Jan-Pro*"), ECF No. 52 (requesting supplemental briefing from the parties on the impact of *Dynamex* to their misclassification appeal). The Ninth Circuit subsequently decided that the ABC Test applies retroactively to claims that arise from conduct predating the *Dynamex* decision, as would be necessary for its application to certain of the conduct in the *Ludlow* matter. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 923 F.3d 575 (9th Cir. 2019). However, on July 22, 2019, the Ninth Circuit granted a petition for rehearing and withdrew its opinion in *Vazquez*, stating that "[a] revised disposition and an order certifying to the California Supreme Court the question of whether [*Dynamex*] applies retroactively will be filed

---

[1] The California Supreme Court has previously explained it "is basic in our legal tradition" that "judicial decisions are given retroactive effect," which creates a strong presumption of retroactivity. *Newman v. Emerson Radio Corp.* 48 Cal.3d 973, 978 (1989) (en banc). The only exception to retroactivity is "when a judicial decision changes a settled rule on which the parties below have relied," which includes consideration of "the reasonableness of the parties' reliance on the former rule, the change as substantive or procedural, retroactivity's effect on the administration of justice, and the purposes to be served by the new rule. *Williams v. Fickett v. City of Fresno*, 2 Cal.5th 1258, 1282 (2017). In particular, the fact that the California Supreme Court held that the *Dynamex* decision was merely clarification of the "suffer or permit to work" standard, and that the ABC test that remains "faithful…to the fundamental purpose of California's wage orders," strongly weighs in favor of retroactive application, and it is unlikely, given the absence of any other factors, the California Supreme Court will find otherwise.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,
TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

in due course." *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 930 F.3d 1107 (9th Cir. 2019). The Ninth Circuit certified the question of *Dynamex's* retroactivity to the California Supreme Court on September 24, 2019. *See Vasquez v. Jan-Pro Franchising Int'l, Inc.*, 939 F.3d 1045 (2019). As of July 16, 2020, the *Vasquez* appeal was fully briefed. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, Cal. Supreme Court Case No. S258191 (2019).

On August 13, 2019, the Defendants moved to stay the *Ludlow* action pending the resolution of the Ninth Circuit's certified question to the California Supreme Court regarding whether *Dynamex* applies retroactively. Litney Decl., ¶ 4, Ex. 3. On February 18, 2020, the Southern District of California granted Defendants' motion to stay. Litney Decl., ¶ 4, Ex. 4. The Court stayed all claims, even the ones not impacted by the *Dynamex* question, such as the FLSA claims and usury claims. *Id.*

Defendants suggest that the *Ludlow* stay was something less than a total stay of that case. *See* Motion, 6, 15, fn. 2[2] (also suggesting that Mr. Maciel should have simply joined into that case). But that is not how Defendants and their counsel are actually treating the matter. Defendants refuse to participate in the *Ludlow* action during the Court's stay. Litney Decl., ¶ 5. For example, Defendants quote a *Ludlow* discovery order that states: "[a]lthough this case is currently stayed, [it] finds resolving the instant discovery dispute now to be appropriate, for whether the ABC test applies retroactively does not impact this [discovery] dispute." Mot., 6; Litney Decl., ¶ 5, Ex. 5. Pursuant to the very same order, Defendants were ordered to pick certain discovery to serve to opt-ins from a much larger and more onerous batch that it had originally served. Litney Decl., ¶ 5, Ex. 5. However, Defendants have repeatedly refused to do so, pointing to the stay, i.e. claiming that the *Ludlow* case is, for all intents and purposes, dead for now. Litney Decl., ¶ 6, Ex. 6 (Email chain

---

[2] *See* Motion, 15, fn 2 ("Any claim that filing this case was proper because *Ludlow* is stayed is also a non-starter, because the stay is narrowly tailored…indeed…the [*Ludlow*] court recently relied on that rationale when it issued a discovery ruling during the stay.").

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

from Flowers' counsel repeatedly refusing to meet and confer relating to the discovery order). In short, the suggestion they now make to *this* court that the *Ludlow* action is proceeding notwithstanding the stay is disingenuous. Defendants have made it clear that the *Ludlow* action is completely stayed even for issues unaffected by the potential retroactivity of *Dynamex*.

### C.   The Action Before This Court

On June 10, 2020, Plaintiff Jose Maciel, who is not a party or opt-in FLSA class member in *Ludlow* or any other case, filed the instant action, bringing claims for: (1) failure to pay overtime under the FLSA (See ECF No. 1, ¶¶ 61-66); (2) public injunctive relief under the UCL for misclassification under federal law (¶¶ 67-79); (3) usury (¶¶ 80-90); and (4) violation of the UCL relating to usury (¶¶ 91-99). In short, none of Mr. Maciel's claims implicate misclassification under California state law, or the California Supreme Court's opinion in *Dynamex*, unlike the *Ludlow* matter.

### D.   Other Federal Misclassification Claims Against Defendants Relating to Their California Distributors

Importantly, there are several other federal court actions that have been brought against Defendants predicated in part upon Defendants' misclassification of its California distributors that are or were pending after the *Ludlow* action was filed. *See, e.g.*, Litney Decl. ¶ 7, Ex. 7,  Complaint in *Ramirez, et al. v. Flowers Foods, Inc., et al.* Complaint, Case No. 5:17-cv-5130-LHK (N.D. Cal. 2017) ("This is an action for relief from Defendants' misclassification of their California bakery distributor drivers ("Delivery Drivers") as "independent contractors."); Ex. 8, Second Amended Complaint in *Porreca, et al. v. Flowers Foods, Inc., et al.*, Case No. 1:15-cv-00732-DAD-SAB (E.D. Cal. 2017); Ex. 9, Complaint in *Bruers v. Flowers Foods, Inc. et al.*, Case No. 8-18-cv-01442-JLS-ADS (C.D. Cal. 2018), Ex. 10, Complaint (removed) in *Barboza et al. v. Flowers Foods, Inc., et al.*, Case No. 2-19-cv-8094-GW-E (C.D. Cal. 2019). Defendants never attempted to consolidate

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

these actions with *Ludlow*, and instead treated the claims by individual distributors separately. *Id.* Defendants have also strenuously argued that class treatment of their distributors' claims is inappropriate as their claims are highly individualized. *See, e.g.,* Litney Decl., ¶ 8, Ex. 11 (Defendants' Opposition to *Ludlow* plaintiffs' motion for class certification). Yet, Flowers now insists for the first time that one of its distributor's claims (e.g. Mr. Maciel's) must be stayed, transferred, or dismissed because of their similarity to those in *Ludlow*. This selective attention to one of many pending matters smacks of an attempt to improperly stymie Mr. Maciel's claims by merging them with the indefinitely stayed *Ludlow* action, despite the fact that the issues warranting the stay in *Ludlow* have no relation to the claims in this action.

## III.   LEGAL STANDARD

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the "first-to-file" rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Courts analyze three threshold requirements in determining whether the first-to-file rule is appropriate: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito–Lay N. Am.*, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (*citing Alltrade*, 946 F.2d at 625).

However, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade,* 946 F.2d at 628. "The first-to-file rule 'is not a rigid or inflexible rule to be mechanically applied,' and in certain circumstances 'even though the requisite factors for the rule's application have been met, courts nonetheless decline to follow its dictates.'" *Aguilera v. Matco Tools Corp.*, 2020 WL 1188142 (S.D. Cal. Mar. 12, 2020) (*quoting Pacesetter*, 678 F.2d at 95). Courts properly decline to favor the first-filed action where equitable concerns and or potential prejudice favor proceeding in the later-filed action. *See Jumapao v. Washington Mut. Bank, F.A.*, 2007 WL 4528636 (S.D. Cal. Nov. 30, 2007).

**IV.   ARGUMENT**

The Court should exercise its discretion to refuse to apply to the first-to-file rule, and let this action proceed in the Northern District of California. As a preliminary matter, Defendants cannot satisfy the threshold criteria necessary for the application of the first-to-file rule. While Plaintiffs do not dispute *Ludlow* was the first-filed action, there are substantial dissimilarities between the parties and issues involved in the *Ludlow* case and the present action. More importantly, even if the Court finds that the prerequisites of the first-to-file rule have been satisfied, the Court should exercise its discretion not to apply the rule, as significant equitable considerations, including to prejudice to Plaintiffs, weigh against application of the first-to-file rule in this action.

**A.      The Parties in This Action Are Not Substantially Similar**

Defendants correctly identify that there is presently a disagreement in the Ninth Circuit and the Northern District of California regarding how to determine whether parties are similar for the purposes of the first-to-file rule. Some courts evaluate the differences between the actual parties (i.e., the named plaintiffs, the named defendants, and any opt-in plaintiffs), whereas others evaluate the scope of the proposed classes. Here, comparison of actual parties, rather than the proposed classes, is the more appropriate analysis in the instant context of an action raising *FLSA collective action* claims, rather than the context of an action only including *Rule 23 class action* claims. This renders the parties in *Ludlow* completely different from those in this action, and weighs against application of the first-to-file rule.

Here, the plaintiffs in each action are completely different. Mr. Maciel, who is the sole natural plaintiff in this action, is neither a named plaintiff nor an opt-in FLSA class member in the *Ludlow* action. Further, as Defendants admit, neither the FLSA nor Rule 23 classes in *Ludlow* have been certified. Therefore, the only party plaintiffs to the *Ludlow* action are Daniel Ludlow, William Lancaster, and the distributors that have opted-in to the *Ludlow* action. *Cf. Campbell v. City of Los*

*Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018) ("The FLSA leaves no doubt that every plaintiff who opts in to a collective action has party status…from the date [their] opt-in as the named plaintiffs…there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs."). Therefore, "a stay under the first-to-file rule is not warranted." *Lac Anh Le v. Pricewaterhousecoopers LLP*, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008) (Refusing to apply first-to-file rule based on difference of named plaintiffs in the earlier and later-filed FLSA actions); *see also Quinn v. Walgreen Co.*, 2013 WL 4007568, at *4 (S.D.N.Y. Aug. 7, 2013) (refusing to apply first-to-file rule because "[a]lthough the [first-filed] action also seeks certification of a multi-state class that could potentially encompass New York and Connecticut consumers, no nationwide class has, in fact, been certified . . . Therefore, neither the parties nor the issues in this case are identical."); *Wilkie v. Gentiva Health Services, Inc.*, 2010 WL 3703060, at *5 (E.D. Cal. Sept. 16, 2010) (holding that the first-filed rule inapplicable before proposed classes are certified).

The authority cited by Defendants relating to the alternative test is more appropriately directed at cases *solely* involving Rule 23 class actions rather than those involving FLSA collective actions, "because Rule 23 actions are fundamentally different from collective actions under the FLSA," including the process of becoming a party plaintiff. *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013); *see Ramirez v. Trans Union, LLC,* 2013 WL 3752591, at *2-3 (N.D. Cal. July 17, 2013) (*citing Symczyk* to find Rule 23 caselaw "inapposite" and "inapplicable," to an FLSA claim). As articulated by the Fifth Circuit:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of the FLSA, on the other hand, no person can become a party plaintiff

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

1
2
3

and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. It is clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits.

4
5
6
7
8
9
10

*La Chappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *see* 29 U.S.C. § 216 ([In an FLSA collection action claim,] "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Congress' intent in providing a unique method for FLSA class members to join pending actions would be vitiated by focusing on the proposed classes, rather than the named plaintiffs and those that opt-ed in to the FLSA actions.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Indeed, the authority cited by Defendants evaluating the similarity between proposed classes almost exclusively applies that rule to Rule 23 class action claims, *not* FLSA collective actions. *See e.g., Hilton v. Apple, Inc.*, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) (Rule 23 consumer class action); *Sporn v. TransUnion Interactive, Inc.*, 2019 WL 151575 (N.D. Cal. Jan. 10, 2019) (Rule 23 consumer class action); *Ford v. [24]7.ai, Inc.,* 2019 WL 570756, at *1 (N.D. Cal. Feb. 12, 2019), *vacated and remanded*, 812 F. App'x 576 (9th Cir. 2020) (Rule 23 consumer class action); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1291 (N.D. Cal. 2013) (Rule 23 consumer class action); *Koehler v. Pepperidge Farm, Inc.*, 2013 WL 4806895, at *1 (N.D. Cal. Sept. 9, 2013) (Rule 23 consumer class action); *Hill v. Robert's Am. Gourmet Food, LLC*, 2013 WL 3476801, at *5 (N.D. Cal. July 10, 2013) (Rule 23 consumer class action); *Campbell v. Annie's Homegrown, Inc.*, 2017 WL 6406703, at *4 (S.D. Cal. Dec. 15, 2017) (Rule 23 consumer class action); *Santich v. GNC Holdings, Inc.*, 2017 WL 5614902 (S.D. Cal. Nov. 21, 2017) (Rule 23 consumer class action); *Weinstein v. Metlife, Inc.*, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) (Even though second-filed action included FLSA claim, "the [motion to dismiss] was based solely on third cause of action [under Rule 23]" and

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

1  therefore "it is irrelevant whether as a whole, the instant action differs from [the first-
2  filed action]."); *but see Fossum v. Northwest Mutual Life Ins. Co.*, 2010 WL
3  11054415, at *2 (N.D. Cal. Sept. 16, 2010) (First-filed action, *but not second-filed*
4  action, contained an FLSA class). By contrast, the Northern District of California's
5  decision in *Lac Anh Le,* which evaluated the differences between the party plaintiffs
6  rather than the proposed classes (and is advocated by Plaintiffs), involved FLSA
7  collective actions. *Lac Anh Le,* 2008 WL 618938, at *1.

8       **B.     The Issues in This Action and *Ludlow* Are Not Substantially**
9              **Similar**

10      In addition, the issues in this action are substantially dissimilar from *Ludlow*,
11  as this action does not implicate California employment law, including the *Dynamex*
12  decision whatsoever. *See generally*, ECF No. 1. *Ludlow*, by contrast, includes four
13  claims predicated upon misclassification under California law that are absent in this
14  action, and is otherwise so permeated by the California law issues that the Southern
15  District of California saw fit to stay the *Ludlow* action pending the California
16  Supreme Court's determination of whether the *Dynamex* ABC Test applies
17  retroactively. The substantial difference in the claims asserted and the relevant
18  factual and legal inquires weighs against application of the first-to-file rule in this
19  action. *See, e.g., Mattero v. Costco Wholesale Corp.*, 336 F.Supp.3d 1109, 1119
20  (N.D. Cal. Sept. 17, 2018) (Orrick, J.) (Finding "significant distinctions between the
21  cases" where "the differences between the cases in terms of what laws are in play
22  with respect to the [respective classes] are not that similar, although the underlying
23  questions (e.g., what is deceptive and as such illegal) may be.").

24      **C.     Equitable Considerations Weigh Against Application of the First-**
25              **To-File Rule**

26      Further, even if the Court finds the threshold requirements met, equitable
27  considerations weigh against application of the first-to-file rule. "The most basic
28  aspect of the first-to-file rule is that it is discretionary, and a court may decide not to

apply it based on reasons of equity." *Brice v. Plain Green, LLC*, 372 F.Supp.3d 955, 976 (N.D. Cal. 2019) (*citing Alltrade*, 946 F.2d at 628) (internal quotations omitted). "While bad faith, anticipatory suit, and forum shopping are common equitable considerations, there are a variety of equitable circumstances under which courts have declined to apply the first-to-file rule." *Brice*, 372 F.Supp.3d at 976 (*citing Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) and collecting cases[3]). Demonstrations of prejudice can also bar the application of the first-to-file rule. *See Jumapao v. Washington Mut. Bank, F.A.*, 2007 WL 4528636 (S.D. Cal. Nov. 30, 2007).

### i.  The Indefinite and Presumably Lengthy Stay in the Ludlow Action Weighs Against Application of the First-To-File Rule

In *Brice*, this Court found "[t]he most significant consideration weighing against a stay in this case [pursuant to the first-to-file rule] is that the [first-filed] case has itself been stayed, without a concrete timeframe for that case resuming…" and that "equitable considerations merit proceeding with this case." *Brice*, 372 F.Supp.3d 976 (Orrick, J.); *see Swetra v. Directv, LLC,* 2016 WL 4208440, at *6 (D.N.J. Aug. 9, 2016) ("It seems unfair and potentially prejudicial to Plaintiff to have the outcome in his case delayed based on the outcome in a case that is currently stayed while waiting for a decision from an appeals court. This would also countenance the Court to conclude that a stay, dismissal, or transfer under the first-filed rule would be improper."); *see also Retina Associates Medical Group, Inc. v.*

---

[3] *See, e.g.*, *Aguilera v. Matco Tools Corp.*, 2020 WL 1188142, *at 5 (S.D. Cal. Mar. 12, 2020) (court "exercis[ed] its discretion to disregard the first-to-file rule" as "it would be inequitable in this situation to apply the first-to-file rule");, *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (overruled on other grounds by *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) ) (declining to apply rule where second-filed action had progressed to judgment, appeal, and remand); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (court may relax rule if balance of convenience weighs in favor of second-filed action); *Sorenson v. Big Lots Stores, Inc.*, 638 F.Supp.2d 1219, 1221 (S.D. Cal. 2009) (declining to apply rule because of untimely service in first-filed action).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

1   *Olson Research Group, Inc.*, 2019 WL 3240110, at *3-4 (C.D. Cal. Mar. 20, 2019)

2   (Considering the delay caused by a stay in first-filed action pending appellate

3   decision in determining whether to apply first-to-file rule, but finding first-to-file

4   rule applicable because stay of first-filed action would imminently be dissolved, and

5   the issues presented by the appellate decision "center around the central issue present

6   in the current action."); *Komatsu Latin-Am. Corp. v. Frost Capital Bank, NA*, 2007

7   WL 9702751, at *2 (S.D. Fla. Nov. 9, 2007) (Finding stay of first-filed action

8   weighed against application of the first-to-file rule).

9       Similar considerations weigh against application of the first-to-file rule in this

10  action. As discussed above, the *Ludlow* action is stayed pending the resolution of the

11  Ninth Circuit's certified question to the California Supreme Court regarding the

12  retroactivity of *Dynamex*, which is an issue that is inapplicable to this action. Here,

13  the indefinite nature and anticipated length of time before the stay in *Ludlow* is lifted

14  in its entirety weighs strongly against application of the first-to-file rule. It is also

15  unclear why Flowers believes this case, among all those pending throughout the state

16  that actually address California labor law, should be stayed on the basis of *Ludlow*.

17      Regarding the anticipated length of time before the stay is lifted, a review of

18  certified questions from the Ninth Circuit to the California Supreme Court illustrates

19  that over the last decade it has taken the California Supreme Court between 14 and

20  32 months to answer certified questions, with the average of approximately 22

21  months. Litney Decl., ¶ 9 (including a summary data chart). Indeed, the California

22  Supreme Court reports that oral argument is "typically scheduled several months to

23  a year after all briefs on the merits have been filed."[4] Further, a decision of the

24  California Supreme Court is typically not issued and final until 120 days after oral

25  argument. *See* Cal. Const., Art. VI, § 19; Cal. Gov. Code § 68210; Cal. Rules of

26

27  _____

    [4]California   Supreme   Court   –   Practices   and   Procedures,

28  http://www.ca9.uscourts.gov/content/faq.php (last accessed August 2020).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,
TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

Court, Rule 8.532. The particularly contentious nature[5] of the *Dynamex* decision and the impact of affirming *Dynamex*'s retroactivity, the high likelihood of a petition for rehearing, as well as the necessity of reviewing amicus briefs suggests this certified question is likely to be on the longer end of the time spectrum for certified questions, which is already quite lengthy.

And once the certified question is finally answered, the Ninth Circuit will *still* have to analyze the case before it and issue its decision. The Ninth Circuit itself estimates that it takes 12-20 months after a notice of appeal is filed for a case to reach oral argument, and decisions usually take from between three months to one year to issue after oral argument.[6] Therefore, the indefinite and presumably long stay in the first-filed *Ludlow* matter weighs heavily against application of the first-to-file rule in this action.

> ii.  *Plaintiffs Will Be Severely Prejudiced by the Indefinite and Presumably Lengthy Stay in Ludlow*

Indeed, if forced to wait out the stay in *Ludlow* before Mr. Maciel's action is allowed to proceed, Mr. Maciel would face severe prejudice; relevant evidence could be lost or destroyed, memories could fade, and the pertinent witnesses could move or become otherwise unavailable. *See New York v. Hill*, 528 U.S. 110, 117 (2000) (recognizing that "[d]elay can lead to a less accurate outcome as witnesses become unavailable and memories fade"); *see also Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (recognizing that "[d]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale") (internal quotation marks omitted). Many of the

---

[5] For example, prior to the California Supreme Court's original decision in *Dynamex*, nine amicus briefs were filed by twenty amici. *See Dynamex Operations W. v. Superior Court*, Cal. Supreme Court Case No. S222732 (2018).

[6] United States Court of Appeals for the Ninth Circuit, Office of the Clerk, Frequently Asked Questions, http://www.ca9.uscourts.gov/content/faq.php (last accessed August 2020).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

pertinent witnesses are Defendants' current and former employees. Each year their memories and their ability to recall facts fades. Or they retire and it becomes more difficult to find or serve them. This creates a significant risk of prejudice for Plaintiffs, and weighs against application of the first-to-file rule.

Similarly, Mr. Maciel is prejudiced to the extent his own memories will fade during the lengthy stay in *Ludlow*. *See, e.g., Keshishzadeh v. Arthur J. Gallagher Serv. Co.*, 2010 WL 1904887, *3 (S.D. Cal. May 12, 2010). ("A stay will force plaintiffs, if and when the time comes, to look even farther into the past to account for the overtime hours they worked.") This also weighs against application of the first-to-file rule.

When a plaintiff alleges continuing harm, "a stay would prolong that harm" (in essence, Defendants seek to subject to the inapposite stay in *Ludlow*) *Keshishzadeh*, 2010 WL 1904887, at *3. When plaintiffs are still employed by defendants, and allege a harmful employment policy, "[a] stay would have the effect of locking in place [that] allegedly harmful employment policy for the foreseeable future." *Id*. Many members of the proposed FLSA class still work for Defendants, and Mr. Maciel alleges that he regularly worked up to 70 hours a week without being paid overtime. *See* ECF No. 1, ¶ 64. Such continuing harm faced by Plaintiff and the proposed FLSA class members further weighs against application of the first-to-file rule. *See Keshishzadeh*, 2010 WL 1904887, at *3; *Lockyer* 398 F.3d at 1110 (implicitly recognizing same). In sum, the prejudice that would be faced by Mr. Maciel weighs strongly against application of the first-to-file rule.

## V.   **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request the Court deny Defendants' motion to dismiss, transfer, or stay in its entirety, and allow this action to proceed in the Northern District of California.

/ / /

/ / /

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE

1 | Respectfully submitted:

**NICHOLAS & TOMASEVIC, LLP**

2 | DATED:   August 6, 2020          By:    /s/ Ethan T. Litney
3 | Craig M. Nicholas
Alex Tomasevic
Shaun Markley
4 | Ethan T. Litney
225 Broadway, Floor 19
5 | San Diego, California 92101
Telephone: (619) 325-0492
6 | Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
7 | Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org
8 | Email: elitney@nicholaslaw.org

9 | Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,
TRANSFER, OR STAY BASED ON THE FIRST-TO-FILE RULE