UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MACIEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FLOWERS FOODS, INC., et al., <br><br> Defendants. | Case No. 20-cv-03814-WHO <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br><br> Re: Dkt. No. 18 |

Plaintiffs Jose Maciel and Maciel Distribution, Inc. (collectively, "Maciel") filed this action against defendants Flowers Foods, Inc., et al., Flowers Bakeries, LLC, and Flowers Finance, LLC (collectively, "Flowers"), asserting claims under the Fair Labor Standards Act ("FLSA") and California's Unfair Competition Law ("UCL"). Flowers moves to dismiss, or in the alternative to transfer or stay, pursuant to the first-to-file rule. It claims that Maciel's counsel brought the same claims as those filed in an earlier filed case in the Southern District of California, *Ludlow v. Flowers Foods, Inc.*, Case No. 3:18-cv-001190-JLS-JLB (S.D. Cal.). I agree with Flowers and GRANT its motion to transfer this case to the Southern District of California.[1]

## BACKGROUND

Plaintiffs' counsel filed *Ludlow* on June 6, 2018. Dkt. No. 18 ("Mot.") 3. Ludlow asserted claims under the FLSA and UCL, as well as multiple causes of actions under California's Labor Code. *Id.* at 4. Ludlow amended his complaint in February 2019 after moving to conditionally certify the proposed FLSA collective action. *Id.* The Amended Complaint included causes of action for failure to pay overtime under the FLSA on behalf of the named plaintiffs and the FLSA collective class, for UCL violations on behalf of the named plaintiffs and the California Class, for

---

[1] I find that this motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and VACATE the hearing set for September 30, 2020.

usury on behalf of the named plaintiff and the Usury Sub-Class, and for UCL violations on behalf of the named plaintiff and the Usury Sub-Class. Dkt. No. 18-3 ("*Ludlow* Compl."). The FLSA Collective Class was defined as "[a]ll persons who worked pursuant to a 'Distributor Agreement' or similar arrangement with Flowers Food, Inc., or one of its subsidiaries, in California that were classified as 'independent contractors' during the period commencing three years prior to the commencement of this action through the close of the Court-determined opt-in period." *Id.* ¶ 42. The Usury Sub-Class was defined as "[a]ll members of the California Class who received financing at interest rates above 10 percent from Flowers Finance, LLC, Flowers Foods, Inc., and/or its subsidiary(ies) for the purchase of a Flowers' route or territory." *Id.* ¶ 52.

The parties fully briefed the plaintiffs' motion for certification of the California Class and the Usury Sub-Class. Mot. 5. The *Ludlow* defendants subsequently moved to stay pending a decision from the California Supreme Court regarding whether new law regarding independent contractors applied retroactively, which the court granted. *Id.* At this time, 113 additional plaintiffs have opted into the FLSA collective action. *Id.*

On April 17, 2020, Maciel's counsel filed another FLSA and Rule 23 class action in the Eastern District of California against Flowers, the "*Wilson* action." *Id.* at 6. The complaint in that action largely mirrored the *Ludlow* Amended Complaint. *Id.* After defense counsel sent Maciel's counsel a copy of the arbitration agreement that the *Wilson* plaintiffs signed and filed a motion to compel, the *Wilson* plaintiffs voluntarily dismissed their case on June 4, 2020. *Id.* at 6-7.

Maciel filed the Complaint in this case on June 10, 2020. Dkt. No. 1 ("Compl."). He asserts four causes of action: (i) failure to pay overtime pay under the FLSA on behalf of himself and the FLSA collective; (ii) injunctive relief and restitution under the UCL; (iii) usury on behalf of himself and the "Usury Class"; and (iv) relief under the UCL on behalf of himself and the Usury Class. *Id.* The proposed FLSA collective is defined as "[a]ll persons who worked pursuant to a 'Distributor Agreement' or similar arrangement with Flowers Food, Inc., or one of its subsidiaries, in California that were classified as 'independent contractors.'" *Id.* ¶ 43. The proposed Usury Class is defined as "[a]ll persons or entities in California who received financing at interest rates above 10 percent from Flowers Finance, LLC, Flowers Foods, Inc., and/or its

subsidiary(ies) for the purchase of a Flowers' route or territory." *Id.* ¶ 51.

Flowers moved to dismiss on July 23, 2020. Mot.

## LEGAL STANDARD

A district court may stay proceedings pursuant to the "first-to-file" rule "if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). Although this rule endows the district court with discretion, it "should not be disregarded lightly." *Id.* The rule is driven by issues of economy, consistency, and comity. *Id.* at 1240. Courts must analyze three factors in applying this rule: (i) chronology of the lawsuits, (ii) similarity of the parties, (iii) and similarity of the issues. *Id.* at 1240.

## DISCUSSION

It is undisputed that the *Ludlow* action was filed first. *See* Dkt. No. 21 ("Oppo.") 7. Instead, the parties dispute whether the parties to this action and the *Ludlow* action and the issues in the actions are substantially similar.

### I. SIMILARITY OF THE PARTIES

Maciel is not a named plaintiff or an opt-in FLSA class member in *Ludlow*, although he is a member of the putative collective and class in *Ludlow*. *See* Oppo. 7; Mot. 12. The FLSA collective at issue in *Ludlow* and the FLSA collective asserted here are identical, except that here Maciel limits the time period to three years prior to the commencement of this action. *See* Background. The Rule 23 class in this case is identical to the Usury Sub-Class in Ludlow. *Id.*

Maciel argues that the plaintiffs in this case are not substantially similar to those in *Ludlow* because the named plaintiffs are different. Oppo. 7. He acknowledges that, as directed by the case law cited by Flowers, courts compare similarity of classes (as opposed to named plaintiffs) in Rule 23 class actions. *Id.* at 8. He nonetheless contends that in FLSA class actions, "comparison of actual parties, rather than the proposed classes, is the more appropriate analysis." *Id.* at 7. He argues that FLSA collective actions are fundamentally different because under Rule 23, class members are presumed to be within the class unless they opt out while under the FLSA, parties must affirmatively opt into the class to benefit from the judgment. *Id.* at 8-9.

3

Maciel relies heavily on *Lac Anh Le v. Pricewaterhousecoopers LLP*, where the court found that under the first-to-file rule, the parties to two FLSA collective actions were not the same because the named plaintiffs were different. No. C-07-5476 MMC, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008). In *Lac Anh Le*, the court devoted only one paragraph to the issue and did not distinguish between FLSA collective actions and Rule 23 actions. *Id.* Instead, the court suggested that the parties were not yet members of a class and thus not the same "[a]t the present time." *Id.* ("the district court in [the first-filed case] has recently conducted a hearing on a motion to certify a class, which motion, if granted, could result in plaintiff herein becoming a party in both cases."). The court declined to stay the matter, but ordered the parties to show cause why the case should not be transferred. *Id.* at *2. Maciel also relies on this case for his argument that the first-to-file rule does not apply even to Rule 23 class actions where the class has not yet been certified. Oppo. 7-8.

Maciel's reliance on *Lac Anh Le* is misplaced. In a subsequent case, the same judge stated that "the majority of district courts in the Ninth Circuit that have applied the first-to-file rule in the context of a class action have compared the putative classes rather than the named plaintiffs" and noted that "comparison of the putative classes appears to have been implicitly endorsed by the Ninth Circuit." *Pedro v. Millennium Prod., Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016). The court distinguished its prior decision in *Lac Anh Le*, stating that "the distinction between a putative and certified class was not raised in *Le*." *Id.* at *3 n.8. And although some courts hold that finding similarity of classes is inappropriate prior to certification, most courts in this district have rejected this position. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013) (collecting cases); *Koehler v. Pepperidge Farm, Inc.*, No. 13-CV-02644-YGR, 2013 WL 4806895, at *4 (N.D. Cal. Sept. 9, 2013) (same). That the classes at issue in this matter are putative does not defeat a finding of substantial similarity.

I am left with Maciel's argument that collectives in the FLSA context differ from Rule 23 classes for the purposes of the first-to-file rule. That fails for two primary reasons. First, even if Maciel were correct that the parties to the FLSA collective are not substantially the same, he has also asserted a Rule 23 class that is substantially the same as the Rule 23 class in *Ludlow*. Second,

4

his argument that FLSA collectives are different than Rule 23 classes is not supported by *Lac Anh Le* or any other cases in the opposition. By contrast, courts have found that "[i]n a collective action, the class members, and not the class representatives, are compared." *Taylor v. AlliedBarton Sec. Servs. LP*, No. 1:13-CV-01613-AWI, 2014 WL 1329415, at *7 (E.D. Cal. Apr. 1, 2014) *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147–48 (E.D. Cal. 2010) (distinguishing *Lac Anh Le* and finding substantial similarity of parties in FLSA collective action prior to certification).

In sum, the parties in this action and in *Ludlow* are substantially similar.

## II.    SIMILARITY OF ISSUES

Next, Maciel does not dispute that the causes of action in this matter are the same as some of the causes of action in *Ludlow*. But he contends that the issues in this action are not substantially similar because "this action does not implicate California employment law, including the *Dynamex* decision whatsoever." Oppo. 10. In other words, he asserts that because the *Ludlow* action included additional causes of action that implicated the *Dynamex* decision, the issues in the two actions are not similar.

His argument is unpersuasive. The issues in both cases need only be "substantially similar," not identical. *Kohn*, 787 F.3d at 1240. To determine whether issues are substantially similar, courts examine whether there is "substantial overlap between the two suits." *Id.* at 1241. The causes of action in this matter are all at issue in *Ludlow*. Courts have found that this establishes similarity of issues for the purpose of the first-to-file rule. *See Posadas-Romesberg v. 24 Hour Fitness USA, Inc.*, No. 06-CV-0689 WQH (AJB), 2006 WL 8455546, at *4 (S.D. Cal. Aug. 31, 2006) ("the fact that Plaintiffs in the instant matter have asserted numerous state law causes of action not found in the [first filed] complaint, in addition to their FLSA claim, is no bar to application of the first-to-file rule."); *Herrera v. Wells Fargo Bank, N.A.*, No. C 11-1485 SBA, 2011 WL 6141087, at *2 (N.D. Cal. Dec. 9, 2011) (rejecting argument that issues differ because one alleged state-law claims and the other did not). This factor weighs in favor of granting Flowers's motion.

### III. EQUITABLE CONSIDERATIONS AND RELIEF SOUGHT

Maciel contends that even if the threshold requirements of the first-to-file rule are met, equitable considerations weigh against its application here. Oppo. 10. It cites *Brice v. Plain Green, LLC*, in which I denied a motion to stay under the first-to-file rule because the first case had been stayed "without a concrete timeframe for that case resuming and with no class certification schedule." 372 F. Supp. 3d 955, 976 (N.D. Cal. 2019). But critical in that case, I found that there was not significant overlap between the parties or the issues. *Id.*

Perhaps more importantly, the consideration of comity weighs in favor of granting Flowers's motion. In opposing a stay in *Ludlow*, plaintiffs' counsel made many of the same arguments as here regarding hardship and that the actions at issue in this case were not affected by the *Dynamex* decision. *See Ludlow* action, Dkt. No. 121. The court granted the motion to stay, finding that discovery had already taken place and thus the preservation of evidence problems plaintiffs raised were not persuasive. *Ludlow* action, Dkt. No. 174. Allowing Maciel to proceed with the same claims that are before the *Ludlow* court and have been subject to discovery and extensive briefing, and which the *Ludlow* court stayed, would interfere with that court's disposition of the case. It would also impact potential class and collective members in that case. Maciel's arguments lack merit.

### CONCLUSION

For the above reasons, I GRANT Flowers's motion. Given the advanced status of the *Ludlow* matter, I find that a transfer is the most appropriate form of relief. Accordingly, this case is TRANSFERRED to the Southern District of California.

**IT IS SO ORDERED.**

Dated: September 28, 2020



William H. Orrick
United States District Judge